107 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for
Silverado Banking, Savings and Loan Association,
Plaintiff-Appellee,
v.
George H. MIM MACK, individually and as a general partner of
Hawaiian Kona Coast Associates, Ltd., Defendant-Appellant,
and
Alii Kona Venture, a California joint venture, formerly
known as Kona Alii Venture; OSJ Construction Co., Inc., a
California Corporation; Hawaiian Kona Coast Associates,
Ltd., a California limited partnership; Reno A. Iannini,
individually and as general partner of Hawaiian Kona Coast
Associates, Ltd.; Saul L. Siegel, individually; James T.
Kanai, individually and as general partner of Hawaiian Kona
Coast Associates, Ltd.; Kuakini-Alii Associates, a Hawaii
limited partnership; TVIC, Inc., a California corporation;
Huan-Chang Peng; Lieh Yao; Tsui Hu Lin; Wen Shan Lin;
Tsung-Pu Hsiao; Shen-Pin Chou; Chen Lung Kuo; Chien Ho
Kuo; Mei Hwa Tu, in Trust for Andy Tu; Chen Lien Yeh;
Guan-Jung Chern; Shiow Huey Yang; Wei Cheng Chen; Charng
Ming Chien; Ching Ching Wu; Chien Hsun Huang; Jennifer
Lee; Yaw Tsung Wang; Tu Revocable Family Trust, Mai Hwa
Tu, Trustee; John Chung-Ying Hsieh; Alan T.S. Wu; Chun
Ming Cheng; Theodore J. Kau; Lee Ling Yu Lin; Virginia H.
Hsiao, M.D.; Paul Chen; Ming Mei Chen; Chum Chieh Chen;
Hsiu Ying Chen; Bill Chen; Ming Mei Chen; Frank H. Lee;
Grace C. Lee; Richard Tom; Lisa Tom; Chen-An Hsieh;
Virginia H. Hsiao. M.D., Trustee, a Medical Corporation
Retirement Trust; Chiu Hsia Ma; Chong Kai Chen; Chua &
Chaung Inc., a Medical Corp. Retirement Fund Trust-Target
Benefit Plan; Grace Y. Pan; Yi Shih Fu; Elizabeth H.W.
Chou; Keng Tang Wu; Wang Ai Yu Lee; Che Huei Yeh; Edward
Lee; Hsiu Luan Chen; Hsiao Ling Wang Kwong; John Chin Te
Kwong; Shing-Lu Yang; Chi Ching C. Risrvato; Kuan Min Su;
Emily Ruth Chen; Ming Kong Chen; Mei Li Chen; Chuan Yao
Chuang; Hsieh Mei Hua Lee; Chuan Yao Chuang; Tsu Hsueh
Han Chuang; Ruth Ho Kau; Chan Tang Tsen; Eugenia Tsen;
Yang Hsien-O Sun; Chien Mei Huang; Chi Tsung Huang; Chi
Yuan Huang; Chin Lung Fan; James Kuo; Chien Ho Kuo;
David Hwang; Michelle S. Hwang; Fuh San Lai; Peggy Lai;
Jen Chin-Liu; Soat Lun Yao; David Zhao; John Does 1-20, Defendants.
 No. 95-17228.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 27, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George H. Mim Mack appeals pro se the district court's order granting the Federal Deposit Insurance Corporation ("FDIC"), as receiver for the Silverado Banking, Savings and Loan Association ("Silverado"), deficiency judgment against Mim Mack and other co-defendants. The district court found that Mim Mack and his co-defendants were jointly and severally liable to the FDIC on the balance of a defaulted mortgage formerly held by Silverado. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review de novo the district court's legal conclusions and we review its factual conclusions for clear error. See Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1028 (9th Cir.1996).
 
 
 4
 Mim Mack contends that the district court denied him due process by failing to consider his assertion that he was not personally liable on the deficiency judgment because he was coerced into signing the Silverado promissory note and mortgage. This contention lacks merit.
 
 
 5
 Here, the district court implicitly rejected Mim Mack's assertion by finding in its March 15, 1993 order granting the FDIC's motion to foreclose on the Silverado mortgage that Mim Mack, Reno A. Iannini, James T. Kanai, and Saul L. Siegel had validly executed the Silverado promissory note, mortgage, security agreement, financing statement, continuing guaranty, and the reaffirmation of the continuing guaranty. The district court granted the FDIC's motion because it found that Mim Mack and his co-defendants had defaulted on the mortgage in January 1990.
 
 
 6
 The district court implicitly rejected Mim Mack's assertion a second time in its October 13, 1995 order granting the FDIC a deficiency judgment against Mim Mack, Iannini, Kanai, and Siegel. The district court concluded that Mim Mack and his Alii Kona co-defendants were personally liable on the Silverado mortgage because they had previously executed the continuing guarantee, making each person jointly and severally liable for any deficiency arising from a foreclosure on the Silverado mortgage.
 
 
 7
 Further, the district court explicitly stated in its December 21, 1995 order denying Mim Mack's motion to reconsider its October 13, 1995 order that the court had previously considered, and rejected, Mim Mack's assertion that he was coerced into signing the Silverado promissory note and mortgage.[2]
 
 
 8
 Upon our review of the record, we conclude that the undisputed facts demonstrate that Mim Mack and his co-defendants are jointly and severally liable on the deficiency judgment. The record reveals that, among other things, Mim Mack admitted in his answer that he and his co-defendants executed the requisite documents making them personally liable on the Silverado promissory note and mortgage.
 
 
 9
 We also conclude that the district court considered, and rejected, Mim Mack's assertion that he was coerced into signing the Silverado note and mortgage. Moreover, the record indicates that Mim Mack had several opportunities to present evidence to support his assertion that he was coerced. He did not utilize these opportunities. Accordingly, we conclude that the district court did not deprive Mim Mack of due process. Cf. FDIC v. Jenson (In re Jenson), 980 F.2d 1254, 1256-58 (9th Cir.1992) (finding that a party was not deprived due process when he was barred by res judicata from presenting a defense to the FDIC's writ of attachment because he previously received an opportunity to litigate his defense to the writ).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not make specific findings to support its Fed.R.Civ.P. 54(b) order awarding deficiency judgment to the FDIC, we conclude that we have jurisdiction to review this order. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991)
 
 
 [2]
 Mim Mack has not appealed the district court's December 1995 order